**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

OMM IMPORTS, INC., a Florida corporation,     Case No. 1:21cv22647
d/b/a ZERO GRAVITY

    Plaintiff,
v.

R.E. ROYAL TRADING, INC., a Canadian corporation,
and EFRAIM YOZEF, an individual,

    Defendants.
_____/

## COMPLAINT

OMM Imports, Inc. d/b/a Zero Gravity files this lawsuit against Defendants, R.E. Royal Trading, Inc., and Efraim Yozef, and states:

## PARTIES, JURISDICTION & VENUE

1. This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1332, as this case is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Plaintiff, OMM Imports, Inc. d/b/a Zero Gravity ("OMM"), is a Florida corporation with a principal address in Miami-Dade County, Florida.

3. Defendant, R.E. Royal Trading, Inc. ("Royal Trading"), is a Canadian Corporation a principal address in Ontario, Canada, and is otherwise *sui juris*.

4. Defendant, Efraim Yozef ("Yozef," and together with Royal Trading, the "Defendants"), is an individual believed to be a citizen of and residing in Ontario, Canada, is over the age of eighteen, and is otherwise *sui juris*.

5. Venue is proper in the Southern District of Florida pursuant to Title 28, United States Code, Section 1391(b) because a substantial part of the events giving rise to the claims at

1

issue occurred within this judicial district, and in light of Defendants' breach of an agreement with OMM, which resides in this judicial district. The Parties also agreed that disputes between them would be governed exclusively by the laws of the State of Florida, and that the competent courts of Florida shall have exclusive jurisdiction.

6. All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

## FACTUAL BACKGROUND

7. OMM was formed as a Florida corporation in 2014, and since then has been focused, *inter alia*, on designing and developing the safest, most effective, and most uniquely designed anti-aging facial products to deliver to consumers across the globe.

8. OMM, via its trade name Zero Gravity, sells many different products, including but not limited to, those marketed under the names Perfectio®, Perfectio® Plus, Blue Sapphire®, Elevare®, and Elevare® Plus ("Zero Gravity Products").

9. Royal Trading claims to be engaged in the business of marketing, distributing, and selling home health products.

10. On October 26, 2016, OMM on the one hand, and Yozef, EFI Canada Stores of Royal Trading, and Royal Trading on the other hand, entered into a Retail Agreement which allowed the sale of certain Zero Gravity Products to end-customers in brick and mortar retail stores. *See* Exhibit A.

11. EFI Canada Stores of Royal Trading and Yozef executed a Personal Guarantee, wherein they agreed to be responsible for the fulfillment of all obligations under the Retail Agreement. *See* Exhibit A at Annex B.

12. On the same day, EFI Canada Stores, on behalf of Royal Trading, executed a New Customer Form, which was incorporated as part of the Retail Agreement. *See* Exhibit B.

13. On May 1, 2017, OMM and Royal Trading entered into an exclusive distribution agreement whereby Royal Trading was granted exclusive rights to market, distribute, and sell the Zero Gravity Products throughout Canada (the "Distribution Agreement") in all trade channels, with certain limitations. OMM agreed to remit a certain percentage of commissions based upon Royal Trading's sales. *See* Exhibit C.

14. On October 29, 2019, at the request of Yozef, OMM and Royal Trading entered into another Distribution Agreement ("Distribution Agreement 2") whereby Royal Trading was given a revocable license to market, distribute and sell certain Zero Gravity cosmetics and beauty appliances within Royal Trading's store and the immediate curtilage. *See* Exhibit D.

15. Throughout the duration of the parties' business relationship, the substantial majority of all substantive business communications were handled by Yozef.

16. Unfortunately, beginning in or around May 2019, Royal Trading began failing to timely pay for the Zero Gravity Products ordered and delivered.

17. Despite many months of efforts to get Royal Trading to pay the balance owed, Royal Trading, and the personal guarantors, failed to do so.

18. In fact, in June 2020, in response for demands for payment, Alex Traiberg, who referred to himself as the "new CFO of RE Royal Trading Inc.," wrote:

> **As you and we know RE Royal Trading Inc. has balance owing to your company. The first thing that I am going to do these days is to make sure that this balance will be paid in full**. I am going to prepare payment schedule and share it with you. I am asking for two - three days to prepare our payments plan. I hope we will find solution soon.

*See* Exhibit E.

19. Despite later proposing a payment plan, Royal Trading failed to make all the outstanding payments to OMM.

20. Yozef, as Guarantor, has similarly failed to make any outstanding payments to OMM, despite repeated demands.

21. As a result of Defendants' contractual breaches and failure to pay all sums due and owing per the Parties business transactions, OMM has been required to retain the undersigned counsel to pursue its interests in this matter, and is obligated to pay the undersigned a reasonable attorneys' fee for their services, and to reimburse the undersigned for any costs incurred in connection with said representation.

## COUNT I - OPEN ACCOUNT

22. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

23. As a result of the business transactions between OMM and Defendants, Defendants owe OMM $451,885.79 plus interest according to the attached account. *See* Exhibit F.

24. OMM has been monetarily damaged by Defendants' failure to pay the sums owed.

## COUNT II – ACCOUNT STATED
(in the alternative)

25. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

26. Before the institution of this litigation, OMM and Defendants had business transactions between them regarding the purchase and sale of the Zero Gravity Products.

27. In June 2020, Defendants acknowledged a balance with OMM. *See* Exhibit E.

28. Defendants did not object to that balance and agreed to pay it.

29. Defendants owe OMM $451,885.79 plus interest.

30. OMM has been monetarily damaged by Defendants' failure to pay the sums owed.

## COUNT III – PROMISSORY ESTOPPEL
(in the alternative)

31. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

32. Defendants promised to pay OMM for the Zero Gravity Products, and did, in fact, pay for some of the products.

33. OMM shipped the Zero Gravity products in reliance upon Defendants' promise to pay for the products.

34. Defendants knew that their promise of payment would induce Zero Gravity to ship the Zero Gravity products to Defendants.

35. Defendants have refused to pay the balance due, which has harmed OMM.

36. Injustice can only be avoided by enforcing Defendants' promise to pay for the products in the amount of $451,885.79, plus interest.

## COUNT IV - UNJUST ENRICHMENT
(in the alternative)

37. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

38. OMM conferred a benefit upon Defendants by providing them with the Zero Gravity products, who have knowledge of the benefit such products afford.

39. Defendants accepted and retained the benefit of the Zero Gravity Products, but have refused to pay the value for them.

40. The circumstances are such that it would be unjust to allow Defendants to have benefitted from, or to retain the benefit of, having these products without paying the value thereof to OMM.

41. OMM has been monetarily damaged by Defendants' failure to pay the sums owed in the amount of $451,885.79, plus interest.

## COUNT V - GOODS SOLD & DELIVERED
(in the alternative)

42. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

43. Sales contracts and invoices existed between OMM and Defendants for the sale of Zero Gravity products. *See* Exhibit G.

44. Defendants accepted delivery of the Zero Gravity Products.

45. Defendants agreed to pay the stated prices for the Zero Gravity Products.

46. Defendants owe OMM $451,885.79 for the Zero Gravity Products, plus interest.

## COUNT VI – BREACH OF CONTRACT
(in the alternative)

47. OMM realleges and reavers Paragraphs 1 – 21 as if fully set forth herein.

48. OMM and Defendants entered into valid agreements, namely, the Retail Agreement, Distribution Agreement, and Distribution Agreement 2, described above.

49. Pursuant to the Retail Agreement, EFI Canada Stores of Royal Trading and Yozef executed a Personal Guarantee, wherein they agreed to be responsible for the fulfillment of all obligations under the Agreement, including payment obligations. *See* Exhibit A at Annex B.

50. OMM fully performed under all Agreements.

51. Defendants have not paid all sums due and owing stemming from Agreements and have breached their contractual obligations by failing to do so.

52. The debt owed by Defendants, not including interest, is $451,885.79.

53. OMM has been monetarily damaged by Defendants' breaches.

## PRAYER FOR RELIEF

WHEREFORE, OMM prays for judgment in their favor and against Defendants containing the following provisions:

A. An award of damages against Defendants, jointly and severally, in the amount of $451,885.79, plus pre- and post-judgment interest;

B. An award of costs of suit, including attorneys' and expert fees, expenses and

disbursements, against Defendants, jointly and severally; and

      C.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OMM hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel: 754.300.1500

By: /s/ Adam S. Goldman
Adam S. Goldman, Esq.
Fla. Bar. No. 86761
agoldman@conceptlaw.com
Alexander D. Brown, Esq.
Fla. Bar No. 752665
abrown@conceptlaw.com
*Counsel for OMM*